The demurrer must be sustained. Ordered accordingly.

---

## Supreme Court—Second Department.

March, 1897.

## PEOPLE v. ADOLPH L. KING.

CRIMINAL LAW—FALSE PRETENSES—CLAIM PRESENTED TO SUPERVISORS.
   Where the claim is unliquidated and not contracted for at any special price, or the subject of any statutory provision, a statement of excessive or exorbitant value, unaccompanied by any false statement of collateral circumstances, does not constitute an indictable offense.

Appeal by the plaintiff, The People of the State of New York, from a judgment of the County Court of Richmond county in favor of the defendant, upon the decision of the court sustaining the defendant's demurrer to an indictmennt.

George M. Pinney, Jr., District Attorney, for the appellant.

Sidney F. Rawson, for the respondent.

CULLEN, J.—The defendant was indicted by a grand jury of Richmond county for having presented to the board of supervisors of that county a false and fraudulent claim and bill for printing election ballots, as follows:

"To printing 128,100 Voting Ballots for General Ticket, Excise and Canal.

"32,650 do sample ballots.

"5,000 do  "  " folded  $4,954.50."

It is conceded that the defendant printed the ballots charged for and that no special price was contracted for. The contract, there-fore, was such as the law implies that the defendant should be paid the fair and reasonable value of his material and services, and so the indictment states. The indictment charges that the bill and claim was false and fraudulent in this respect alone; that the sum demanded was more than $3,000 in excess of the fair and reasonable value; that the defendant knew such fact and presented the excessive claim for the purpose of defrauding the county. The question presented, therefore, is whether fraud can be predicated of a false statement as to value. We think the law is settled in this State to the contrary. In Ellis v. Andrews (56 N. Y. 83) it was held that: "A false statement as to the value of property, made by a vendor for the purpose of obtaining a higher price than he knows the property is worth, will not sustain an action for fraud by a purchaser, who contracted relying upon the statement." This rule is recognized in Fairchild v. McMahon (139 N. Y. 290) as being the law. If a false representation as to value cannot constitute fraud, so as to form the basis of a civil action, much less would it seem sufficient as the ground for a criminal prosecution. We think the demurrer was, therefore, properly sustained.

We do not intend by this decision to at all concede the respond-ent's contention that the amount of a claim presented against a county can, under no circumstances, constitute indictable fraud. If the person presenting the claim had made some special contract with the county authorities for the services claimed for at a less

price, and, concealing that fact, should present a claim for a higher sum, it might well be held fraudulent. So, also, if the computations made of the gross value of many items were purposely false and made for the purpose of deceit and obtaining an excessive price, this would undoubtedly constitute fraud. Other instances may be suggested. All we decided here is that, where the claim is unliquidated and not contracted for any specified price, or the subject of any statutory provision, a statement of excessive or exorbitant value, unaccompanied by any false statement of collateral circumstances, does not constitute an indictable offense.

The judgment appealed from should be affirmed.

All concurred.

Judgment affirmed.