## SUPREME COURT — ALBANY SPECIAL TERM.

### January, 1924.

## THE PEOPLE EX REL. FREDERICK STUART GREENE v. EDWARD L. SWASEY.

(122 Misc. 388.)

(1) PERJURY—PENAL LAW, § 1872.

A statement in the verification to a claim for goods sold and delivered to the state that they were not charged for at more than their fair value is not required by law and is not a material matter in the law of perjury.

(2) SAME—UNVERIFIED CLAIM FOR GOODS SOLD TO STATE NOT A FRAUDULENT CLAIM.

An unverified claim for goods sold and delivered to the State is neither a false nor a fraudulent claim under section 1872 of the Penal Law.

(3) SAME.

A voucher or claim purporting to have been verified by defendant for an electric gas motor sold and delivered to the State by him and another doing business under an assumed corporate name without any agreement as to price was presented for audit to the state superintendent of

public works, wherein the price therefor was charged at $960, and the claim was paid in full by the State. *Held,* that such verification not being required by law to include a statement that the goods were not charged for at more than their fair value, such a statement was not material.

**(4) SAME.**

Upon the hearing of an information charging the defendant with perjury under section 1620 of the Penal Law and of presenting a false and fraudulent voucher in violation of section 1872 of said statute, it appeared that defendant merely signed his name to the verification and that the jurat thereto was signed at a later time and not in his presence. *Held,* that the proceeding will be dismissed, the defendant discharged and his bail bond canceled.

PROCEEDING upon arrest of defendant upon information charging violation of Penal Law, sections 1620 and 1872.

*Carl Sherman, Attorney-General (Edward G. Griffin and Amos D. Moscrip, Deputy Attorney-General,* of counsel), for relator.

*Charles J. Herrick, District Attorney.*

*Leary & Fullerton (A. W. Pitkan,* of counsel), for defendant.

STALEY, J.:

Upon information laid before me, a warrant was issued for the arrest of the defendant, charging him with the crime of perjury and of presenting a false and fraudulent voucher to the State in violation of sections 1620 and 1872 of the Penal Law.

The charge grows out of the sale to the state by the General Mill and Contractors Supply Company, an assumed name under which the defendant and another were doing business, of an electric gas motor generator which sale was made without any agreement as to any specified price therefor. A voucher or claim for this article was presented for audit to

the state superintendent of public works, wherein the price therefor was charged at the sum of $960 and which voucher purported to be verified by the oath of the defendant. This claim was paid in full by the State.

A violation of section 1872 is claimed to be predicated upon the fact that the generator in question was worth not to exceed the sum of $575 and was sold in the general market to dealers, such as the concern for which the defendant was doing business by the Fairbanks, Morse & Company, at the price of $435 f. o. b. Brooklyn, and that the price of $960 charged in the voucher and paid by the State was false and fraudulent.

Section 1872 of the Penal Law (Laws of 1909, chap. 88) provides as follows: "A person who, knowingly, with intent to defraud, presents, for audit, or allowance, or for payment, to any officer or board of officers of the state, or of any county, town, city or village, authorized to audit, or allow, or to pay bills, claims or charges, any false or fraudulent claim, bill, account, writing or voucher, or any bill, account or demand, containing false or fraudulent charges, items or claims, is guilty of felony."

That the generator was purchased by the state and delivered by the defendant, without any agreement as to price, is established by the evidence, and the claim presented, if fraudulent, must be so because of the price charged therein. The defendant obviously was entitled to present his claim for the goods furnished, and entitled to be paid a fair and reasonable value for the generator. The duty was upon the state to audit and allow the claim for a just amount.

A false statement by the vendor to a vendee concerning the value of property will not sustain an action for fraud, but the vendee must rely upon his own judgment and assume the consequences if it be erroneous. Ellis v. Andrews, 56 N. Y. 83; Fairchild v. McMahon, 139 id. 290; Meritas Realty Co. v. Farley, 166 App. Div. 420; Van Slochem v. Villard, 207 N. Y. 587.

The former two authorities were cited with approval by Justice Cullen in People v. King, 15 App. Div. 84, wherein the distinguished jurist said: "If a false representation as to value cannot constitute fraud, so as to form the basis of a civil action, much less would it seem sufficient as the ground for a criminal prosecution." In that case the precise point here involved was determined to the effect that where a claim presented to a public board for audit was unliquidated and the service and material was not contracted for at any specified price, or subject to any statutory provision, a statement of excessive or exorbitant value, unaccompanied by any false statement of collateral circumstances, did not constitute an indictable offense.

In the King case the claim had attached to it an affidavit of the claimant which stated that the amounts charged in the bill and claim were "true and correct." The claim here in question was accompanied by what purports to be the sworn statement of the defendant to the effect that no item therein is charged at more than its fair value. If a representation as to value, given in the nature of one's opinion and belief, does not constitute a crime, it must follow as a logical sequence that no violation of section 1872 is established against the defendant by the evidence presented upon the examination here.

Section 12 of the State Finance Law provides that each statement of accounts must be verified by the person presenting the same, to the effect that it is just, true and correct.

The information also charges the defendant with the crime of perjury, and this charge is based upon the facts as to the value of the generator and the statement in the alleged affidavit of the defendant that it is not charged in the claim at more than it fair value.

Section 1620 of the Penal Law (Laws of 1909, chap. 88) provides: "A person who swears or affirms that he will truly testify, declare, depose, or certify, or that any testimony, declaration, deposition, certificate, affidavit or other writing

by him subscribed, true, in an action, or a special proceeding, or upon any hearing, or inquiry, or on any occasion in which an oath is required by law, or is necessary for the prosecution or defense of a private right, or for the ends of public justice, or may lawfully be administered, and who in such action or proceeding, or on such hearing, inquiry or other occasion, wilfully and knowingly testifies, declares, deposes, or certifies falsely, in any material matter, or states in his testimony, declaration, deposition, affidavit, or certificate, any material matter to be true which he knows to be false, is guilty of perjury."

The essence of perjury, so far as here material, is the act of swearing or affirming any material matter to be true which is known to be false on an occasion in which an oath is required by law. There would seem to be little or no distinction in substance between the requirement of the statute that the verification be to the effect that the claim is just, true and correct, and the provision of the affidavit here involved that no item in the claim is charged at more than its fair value.

The fact remains, however, so far as I have been able to ascertain, that there is no law requiring the verification of the claim to include the statement that the item is not charged at more than its fair value, and if not required, such statement is not a material matter. A statement under oath regarding an immaterial fact is not perjury. People v. Teal, 196 N. Y. 372; People v. Peck, 146 App. Div. 266.

It further appears that the defendant did not swear or affirm to the truth of the statement in the verification; that he merely signed his name, and the special agent signed the jurat at a later time and not in the presence of the defendant.

Independent of the jurat, proof of the taking of an oath is requisite to sustain the charge of perjury, if such crime could be predicated upon the facts here established. Case v. People, 76 N. Y. 242; O'Reilly v. People, 86 id. 154.

In the O'Reilly case, Judge Finch (at p. 152) said: " To.

make a valid oath, for the falsity of which perjury will lie, there must be in some form, in the presence of an officer authorized to administer it, an unequivocal and present act, by which the affiant consciously takes upon himself the obligation of an oath. The delivery in this case of the signed affidavit to the officer was not such an act, and was not made so by the intention of the one party or the supposition of the other."

The proof fails to show that the defendant took upon himself the obligation of an oath and the assumption that he did so arising from the regularity in appearance of the verification of the claim is destroyed and overcome by the evidence to the contrary.

The absence of an oath in fact is not cured by the provisions of section 1621 of the Penal Law declaring: " It is no defense to a prosecution for perjury that an oath was administered or taken in an irregular manner."

Such section applies only to cases where some oath was administered, but administered or taken in an irregular manner."

Such section applies only to cases where some oath was administered in a manner defective in form. It does not create the obligation of an oath where it has not been consciously assumed in some form; it cannot cure that which never had life enough to be sick.

The counsel for the attorney-general urges with great ability that if the claim was not verified by the defendant its presentation and receipt of payment thereon was in violation of the statute requiring its verification and made it a false and fraudulent claim within the meaning of section 1872 of the Penal Law.

An unverified claim is not a false or fraudulent claim under this section for the reason that the act declared by it to be a crime is related to a fraud and falsity in the charges or items of the claim.

There being no sufficient cause to believe the defendant guilty of the offenses charged in the information and warrant, the proceeding is dismissed, the defendant discharged and the bail bond canceled.

Ordered accordingly.