Hubert T. Delany et al., Appellants, *v.* Central Valley Golf
Club, Inc., Respondent.

Argued June 15, 1942; decided July 29, 1942.

*Charles H. Tuttle, Stoddard B. Colby* and *David Coral* for appellants.

*Alfred J. L'Heureux* and *Peter X. McManus* for respondent.

Judgment affirmed, with costs on the ground that a question of fact was presented in regard to the reasons for the exclusion. We pass upon no other question. No opinion.

Concur: LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS and CONWAY, JJ. FINCH, J., dissents in the following opinion in which DESMOND, J., concurs.

FINCH, J. (dissenting). The record fails to show any evidence except that leading to the conclusion, as a matter of law, that plaintiffs have been excluded from a public golf course in violation of their rights under the Civil Rights Law (Cons. Laws, ch. 6).

Here defendant has advertised its course as public by signs on its own grounds, to say nothing of the several signs on the public highways near the golf course. When the word " public " is thus used, the phrase " under club rules " is not sufficient to change the word " public " to " private." On the other hand when we turn to the club rules, it is therein specifically provided what the word " public " means; for while guests who wish to use the clubhouse must be introduced by members, there is no such provision for those who merely wish to play the course and who are called " playing guests." As to them, the only requirement is the payment of the greens fee.

The words of the Civil Rights Law, a " place of public accommodation, resort or amusement," (§ 40), show by their mere statement that they are sufficiently broad to include a public golf course. The fact that the Legislature immediately amended the statute so as specifically to include a public golf course when the earlier language was restricted by judicial decision, shows clearly that the amendment was intended for clarification. In addition there is no canon of construction which is authority for a strict construction of the statute here in question.

It follows that the judgment appealed from should be reversed and a new trial granted.

Judgment affirmed, etc.