THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SOL LEVY, Appellant.

First Department, March 2, 1954.

*Paul A. Stone* of counsel (*Charles W. Manning* and *Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Harry Gittleson* for appellant.

*Per Curiam.* In *Todd* v. *United States* (158 U. S. 278), Mr. Justice BREWER for the court held (p. 282): "It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms. ' There can be no constructive offences, and before a man can be punished, his case must be plainly and unmistakably within the statute.' *United States* v. *Lacher,* 134 U. S. 624; Endlich on the Interpretation of Statutes, sec. 329, 2d ed.; Pomeroy's Sedgwick on Statutory and Constitutional Construction, 280." Applying that principle, we are constrained to hold the charge made herein is not "plainly and unmistakably within the statute" and that subdivision 1 of section 439 of the Penal Law is not applicable to bribery of a referee in games or sports.

That section, found in article 40 of the Penal Law entitled "BUSINESS AND TRADE", covers commercial fraud practiced by an employee against the financial or business interests of his employer. It has been on the books for upwards of fifty years, but there is no precedent for its application to the state of facts here presented, viz., bribery of a referee in games or sports. The games or exhibitions of skill and sport though conducted by the participating clubs for money "would not be called trade or commerce in the commonly accepted use of those words" (*Federal Club* v. *National League,* 259 U. S. 200, 209).

Protection of the integrity of competitive games or sports is expressly provided by section 382 of the Penal Law entitled "*Bribery of participants in professional  *  *  *  games*"

found in article 34 of the Penal Law entitled "BRIBERY AND CORRUPTION". Section 382 was added by chapter 80 of the Laws of 1921 and frequently amended in the intervening years, including an amendment by chapter 355 of the Laws of 1952, effective July 1, 1952, inserting the words "or referee or other official". This last amendment concededly was made subsequent to the acts of bribery here charged. The Legislature considered offenses under section 382 much more serious than the frauds made crimes by section 439 of the Penal Law. Violators of section 382 are by its terms "guilty of a felony"; whereas violators of section 439 are "guilty of a misdemeanor". Section 382 expressly covers professional and amateur sports.

In *People* v. *Graf* (261 App. Div. 188) this court held that subdivision 1 of section 439 of the Penal Law had no application to the alleged bribery of an employee of a labor union pointing out that the Legislature had enacted another and different statute by section 380 of the Penal Law covering bribery of labor representatives.

The conspiracy count is based on the same criminal acts to achieve the conspiracy, namely, violation of section 439 of the Penal Law, and the inapplicability of that statute to the state of facts here presented destroys the legal basis on which all counts of the information, on which defendant was found guilty, rest.

Factually defendant as referee in professional basketball games may have acted corruptly, but under the settled law above indicated regarding extension by intendment of criminal statutes, we hold that subdivision 1 of section 439 does not apply to a referee in professional games or sports.

Accordingly the judgment of conviction should be reversed and the information dismissed.

DORE, J. P., COHN, CALLAHAN and BOTEIN, JJ., concur.

Judgment unanimously reversed and the information dismissed.