Joseph A. Brust, J.
This motion to inspect Grand Jury minutes and/or motion to dismiss the indictment, together with a motion for a bill of particulars, are filed by both the individual defendant and the defendant corporation. Each is represented by different counsel but both join in these motions.
The indictment charges defendants with the crime of perjury, alleging them to have signed certain statements which were false or contained false information (Penal Law, § 1620, subd. 4) and submitted the jsame to the New York City Housing Authority for the purpose of obtaining painting contracts. The statements were all notarized.
Defendants assert that under the circumstances of this case the evidence presented to the Grand Jury was insufficient mas- *145 much as there was no testimony actually establishing that an oath was administered to the defendants prior to the notarization of the afore-mentioned statements, and contend that without direct proof before the Grand Jury that such an oath was in fact administered, any affidavits made by defendants may therefore not be considered to have been made under oath, despite the presence of a jurat thereon.
In support of their position defendants cite several cases, e.g.; Case v. People (76 N. Y. 242) and People v. Levitas (40 Misc 2d 331). In Case v. People (supra, p. 245) it was stated: “ there must be proof of the oath taken, independent of the notary’s certificate, signature, seal and jurat ”. This court has observed that this reference was submitted by defendants without the preface to the sentence as it appears in the case, namely (p. 245): “In a case like this”. In that particular case the evidence ivas offered at the trial to impeach the notary by showing that the oath had not been legally administered. Such is not the situation here. There, the court ruled that the certificate of the notary properly raised a presumption that he had done his duty but it found (p. 245) that “ such presumption utterly fails, when the evidence shows that it is entirely unwarranted ’ ’. In People v. Levitas (supra), the facts are also distinguishable in that, again, the evidence was that no oath whatever had ever been administered but merely a verification and a certification had been offered.
The prosecution, in its opposing memorandum, stipulates and agrees that the various notaries public did not testify before the Grand Jury with respect to any duties performed by them in their capacities as notaries. Thus, the District Attorney concedes that there was no evidence before the Grand Jury to establish that an oath was actually administered to the defendants before they signed the statements in question, but he argues that this does not render the indictment defective since no notarization is necessary in the first instance under the recently enacted statute covering the alleged crime herein.
Subdivision 4 of section 1620 of the Penal Law reads as follows A person is guilty of per jury who * * * 4. Authorized by law to subscribe and affirm a statement as true under the penalties of perjury, does so when he knows such statement is false or contains false information.” This law became effective on September 1, 1964. The statements of defendants being now complained of were made on October 15, 1964.
It is observed that the new perjury statute was part of an omnibus bill (L. 1964, ch. 645) which is listed in McKinney’s Sessions Laws under the topic: ‘ ‘ Documents — Simplification of *146 Form”. Reference to the entire chapter 645 reveals that the Legislature enacted therein changes in several different statutes for the purpose of simplifying the form of documents which may be used in perjury prosecutions- — • application for tax returns, registration of hotels, etc. The import of all these changes was to no longer require sworn statements or affidavits but to substitute mere statements subscribed or affirmed by the persons making them as true. The prosecution has called to our attention the fact that the Governor, in approving this law in 1964, commented that the bill ‘1 would simplify the procedures for filing documents with various State agencies by eliminating unnecessary requirements of notarization”. The Governor also noted that this would assist everyone concerned with filing documents since they are freed of the ‘ ‘ mechanical requirement ’ ’ of appearing before a notary. Instead, he says: they 11 need only execute the form, affirming that statements therein are true ”. (N. Y. Legis. Annual, 1964, pp. 517-518.)
It is obvious that defendants were indicted under a statute, recently enacted, that has purposely eliminated the necessity for proof that an oath was administered to support a perjury prosecution brought under subdivision 4 of. section 1620 of the Penal Law. Generally, an oath has to be formally administered for a perjury indictment to be valid; the citations submitted by defendants clearly show this to be the rule. (See Case v. People, supra; also, Code Crim. Pro., § 291.)
In the case of O'Reilly v. People (86 N. Y. 154), the affiant had the intention to verify a document, but no words were exchanged between him and the notary, who merely affixed his seal. The court there ruled that there could be no perjury conviction since there had been no “ obligation of an oath ” (p. 162). No doubt, it was to avoid such requirements that the new supplemental perjury statute was enacted applicable to “ statements ”. This new subdivision 4, unlike subdivisions 1 and 2, does not use the word 1 ‘ swear ’ ’ but instead merely states: one who “ subscribes ” a statement.
These defendants, seeking business with the New York City Housing Authority, were required to and did in fact submit proposed contracts, subscribed and affirmed by them, containing statements that the proposals were true and were the result of noncollusive bidding. (See Public Authorities Law, § 2604.) It appears that, in addition, these same statements also were notarized. Therefore, under the circumstances herein, governed as they are by subdivision 4 of section 1620 of the Penal Law, we find there is no requirement that an oath be administered to these defendants prior to their signing any proposed contracts *147 submitted to the Housing Authority. Consequently, whether or not there was evidence before the Grand Jury that an oath was in fact administered is immaterial, and in any event would be no. defense. (Cf. Maori v. St. Agnes Cemetery, 44 Misc 2d 702.)
The moving papers of either affiant are otherwise lacking in any other averment which would permit this court to exercise its discretion and order an inspection of the minutes of the Grand Jury (People v. Howell, 3 A D 2d 153, affd. 3 N Y 2d 672).
We note that the defendants have submitted detailed briefs, but all of the references are cases prior to the effective date of this new statute. However, assuming arguendo, that it is necessary to formally administer an oath to validate a perjury prosecution under this section, we can find no change in the end result of our determination. The defendants herein do not deny signing the statements referred to in the indictment (in fact, they submitted one copy to the court) and they do not deny that these statements were notarized (apparently by employees of defendant corporation); their contention is that no proof of notarization was presented to the Grand Jury. Defendants submit the decision in Case v. People (supra) as controlling. As stated above, that decision does not aid the defense herein. That case involved a perjury trial where the notary had no recollection of administering the oath. The conviction was reversed because it was held that the jurat alone was insufficient to prove false swearing where there was some evidence to show that the oath had not been administered. This is an example of precisely the circumstances sought to be avoided by the new statute, where applicable. Nevertheless, even under “ Case ”, proof of notarization need not be presented before the Grand Jury, where each document contains the ordinary jurat to the effect that affiant was “ duly sworn ” — the presumption being that he was so sworn. (Cf. Matter of Marcellus, 165 N. Y. 70; United States v. Lynch, 180 F. 2d 696, cert. den. 339 U. S. 981.) True, this presumption may be overcome by evidence that the oath was not legally administered (Case v. People, supra; People v. Levitas, supra), but, mere irregularities as to authority or jurisdiction in taking the oath are no defense (Penal Law, § 1621). Upon these moving papers, we find no such evidence or suggestion to rebut the presumption. Under these circumstances, if this were the law applicable to this indictment, relief would still have to be denied to defendants.
Both defendants also join in a motion to dismiss the indictment upon the ground that it does not comply with section 291 of the Code of Criminal Procedure in that it “is silent with respect to what is alleged to have been the truth ’ \ Such a con *148 tention is without merit. There is no such requirement (People v. Northrup, 18 A D 2d 240). Accordingly, this motion is denied as to each defendant.
Finally, a bill of particulars is sought by the defendants upon the ground that this indictment fails to allege “ overt acts ” relevant to the “ conspiracy aspect ” of the case, and particulars are also sought telling “ in what fashion ” defendants’ proposals were not genuine, sham and collusive. It is noted that conspiracy is a separate and distinct crime (People v. Tavormina, 257 N. Y. 84) in the Penal Law (§ 580) and defendants here are not charged with conspiracy to commit perjury as were the circumstances in People v. Leary (282 App. Div. 476). Consequently, there could be no “ overt acts ”, (See Penal Law, § 583.) This long-form indictment is found to comply with the statutes (Code Crim. Pro., § 275 et seq.) and, in relation to the alleged perjury, sets forth the substance of the ■ controversy (Code Crim. Pro., § 291) in sufficient form to notify defendants of the crime charged. They are not entitled to the prosecution’s theory of proof or of evidence he intends to introduce at trial (cf. People v. Spina, 14 A D 2d 505). This would apply to the u fashion ” in which the alleged perjury was committed herein.
Motions to inspect minutes of Grand Jury are denied as to each defendant.
Motions to dismiss the indictment are denied as to each defendant.
Motions for a bill of particulars are denied as to each defendant.