Edward Thompson, J.
Defendants, Jerome Lieberman and Ruth Fritzhand, are charged with the crimes of perjury in the first degree and subornation of perjury in the first degree under the first and second counts of the indictment and they, together with Robert Fritzhand, are charged with the crime of attempted grand larceny in the first degree by common scheme or plan under the third count of said indictment. At the conclusion of the trial the defendants moved to dismiss the second and third counts as a matter of law.
On the second count of the indictment which charges the two defendants, Jerome Lieberman and Ruth Frazer, also known as Ruth Fritzhand, with the subornation of perjury in that they induced or procured another to falsely testify to material matters, the sole proof before the court concerning the same was:
A contractor, Caponi, testified that he was procured or induced by the defendants to provide an affidavit that the bills he previously submitted were valid. In response to their request, he wrote a letter as follows: “To Whom it May Concern: I hereby affirm that the items listed on my invoice on date specified are true and correct and that the services furnished was for the use of the Breakers ’ Hotel. ’ ’ This letter was signed by Caponi and it bore the signature and stamp of a notary. It was conceded on the record that the notarial *1071 signature and stamp were valid. However, there is no evidence in the record of any swearing or jurat by the notarial officer. As far back as 1881 in O’Reilly v. People (86 N. Y. 154) it was determined that to constitute a valid oath for the falsity upon which perjury will lie there must be an unequivocal and present act in some form in the presence of an officer authorized to administer oaths, by which the affiant consciously takes upon himself the obligation of an oath. That stated principle has been followed to date. More particularly, in People ex rel. Greene v. Swasey (122 Misc. 388, 391) citing the O’Reilly case it was there held that “independent of the jurat, proof of the taking of an oath is requisite to sustain the charge of perjury ’ ’. That standard has persisted throughout the years and, more recently, in People v. Levitas (40 Misc 2d 331, 333) citing O’Reilly (supra) as the abiding standard in perjury cases, it was there held that: ‘ ‘ those counts alleging perjury in the first degree, which are predicated solely upon evidence of a verification and a certification, unbuttressed by any testimony indicating that an oath was undertaken, arc deemed fatally defective ” will not support an indictment charging perjury.
Consequently, if the act of Caponi before a notary was a mere certification or affirmation, unbuttressed by any testimony which indicated that an oath was taken by him at that time, said act cannot be an act of perjury. It was a mere witnessing. And, since an act of perjury must be established by another to bottom a charge of subornation of perjury against one who procures the same, the proof of perjury herein is lacking. Accordingly, the count charging subornation of perjury has not been sustained, as a matter of law, and it is dismissed.
With regard to the third count, the indictment charges all three defendants with the crime of attempted grand larceny in the first degree by common scheme or plan. Section 1290-a of the Penal Law requires that “if * * * the defendant made use of any false or fraudulent representations * * * in the course of accomplishing * * * the theft, evidence thereof may not be received at the trial unless the indictment * * * alleges such representation or pretense ”. The indictment alleges common-law larceny by unlawful scheme and plan without alleging any false pretense as an overt act. The only attempted larceny established at the trial is one by the false representation that a bill for services rendered was a valid one. Such overt act must be alleged in the count charging larceny and the prosecution may not rely upon a perjury count in the indictment in order to cure its error in pleading, since larceny is not a derivative of perjury.
*1072 I find, as a matter of law, that the common-law larceny count of the indictment is unsubstantiated by the evidence on the trial. The statutory requirement that the false representation must be alleged has not been met by the prosecution and, accordingly, count three is dismissed as a matter of law against all three defendants.
Accordingly, counts two and three will not be submitted to the jury for their consideration.