John E. Heilman, J.
This is a motion made on behalf of the above-named respondent to dismiss a juvenile delinquency petition against him on the ground that there has been an undue delay of prosecution, and on the further alternative ground that the allegations of the petition do not set forth facts which would constitute the crime of incest.
The petition in this matter is brought by an officer of the city of Poughkeepsie Youth Bureau, is dated July 26, 1968 and verified July 29,1968, and alleges that the respondent committed *663 sodomy in the first degree in violation of section 130.50 of the Penal Law and incest in violation of section 255.25 of the Penal Law. The petition is supported by a deposition of another police officer, alleging personal observation of the respondent committing certain acts with his sister. The summons in this matter was served on the parents of the respondent on August 19, 1968, and was returnable on August 27, 1968, on which date the respondent appeared with his father and mother, was arraigned, .and a Law Guardian appointed. On September 10, 1968 respondent appeared with his mother and Law Guardian, and the latter requested an adjournment, which was granted to September 17. On the adjourned date the respondent again appeared with his mother and Law Guardian, who orally moved to dismiss the incest count and otherwise entered a general denial. The motion was denied and the case set down for a hearing on October 22. Prior to the adjournment date it appears that respondent was arrested and incarcerated on another charge in another court, and respondent’s Law Guardian was informed by the Clerk of this court that if respondent were still incarcerated on October 22, the matter would be adjourned to November 19. The respondent did appear on October 22, but at that time the Law Guardian was not present, although he appeared later in the day, and the matter was adjourned to November 19 for hearing. The matter was not heard on November 19, and on December 19 the Law Guardian wrote to the then Family Court Judge, requesting that the petition be dismissed for want of prosecution. This was not a formal motion. Obviously, the granting of such request at that time would have been improper and an abuse of discretion, since part of the delay was attributable to requests or actions of the Law Guardian for the respondent.
Thereafter there was a period of some two months during which a change of Family Court Judges was pending and an additional one month during which there was no Family Court Judge. Shortly after the appointment of the present Family Court Judge in April, 1969 the Law Guardian wrote to the court, without oral or written motion, again requesting dismissal of the petition for failure to prosecute. The court immediately set this case down for trial for May 27, at which time the respondent, his mother, his Law Guardian, the petitioner, and the Assistant Corporation Counsel appeared. The Law Guardian orally moved to dismiss for failure to prosecute, which was objected to by the Assistant Corporation Counsel as having been made without notice. The matter was adjourned to June 1Ó for formal moving and answering papers. The motion was *664 argued and submitted on June 10 and the court reserved decision.
The court denies the motion to dismiss for undue delay. As indicated, the expiration of time from the original appearance until November 19,1968 was attributable in part to the respondent. The delay thereafter was attributable to the unwillingness of the then Family Court Judge to set dates for trials, not knowing who would be presiding or what the condition of the calendar might be. The delay since the formal submission of this motion has been chiefly due to this court, which faced a backlog of cases, an increased volume, and, until recently, the lack of a Confidential Law Clerk. Thus excusing the delay,, however, would have no validity if the rights of the respondent had been in any way prejudiced. The court is at all times bound to protect the constitutional rights of a respondent. No such prejudice is set forth in the moving papers. The mere allegation thereof is not sufficient. There must be a factual basis to support the contention that respondent’s ability to answer ;and defend the charges against him has been impaired, and none has been offered in the moving papers, in correspondence, or in any court appearance by the Law Guardian. People, v. Abbatiello (30 A D 2d 11, 14 — 15) contains :a very concise statement of the factors to be considered on the issue of trial delay. In that case the defendant was indicted on December 10, 1964, and moved to dismiss the indictment on October 8, 1965. In denying the defendant’s motion, the court stated in part (pp. 14-15): ‘ ‘ A motion to dismiss an indictment for ,a delay in bringing the indictment to trial is addressed to the sound discretion of the court. If the record in a particular case establishes ‘ that there is * * * room under the facts and history of [the] case for the exercise of discretion,’ the defendant is not entitled to dismissal as a matter of law; the court should exercise the discretion vested in it in light of all the circumstances. (People v. Alfonso, 6 N Y 2d 225, 229.) ‘ [W]hether there has been undue delay, depends ‘ ‘ upon the circumstances of each particular case.” ’ (People v. Prosser, 309 N. Y. 353, 360; see, also, People v. White, 2 N Y 2d 220, cert. den. 353 U. S. 969.) Relevant circumstances to be considered may include the nature of the criminal charges; the extent of the delay; the prejudice to the defendant, including whether he was in custody or released on bail; the time reasonably required for necessary pretrial proceedings in preparation for trial; temporary absence or unavailability of witnesses; and whether the delay has been contributed to by the proceedings of the defendant,”
*665 In reviewing the specific provisions of the Family Court Act dealing with the subject of delay it is noted that .section 748 of that act, while it limits adjournments to not more than three days if the respondent is detained, has no specific limitations relating to adjournments when the respondent has not been confined. Very recently the State Supreme Court, in passing on facts not too dissimilar to those before this court, indicated that a delay of nearly eight months in conducting a hearing was not unreasonable, despite the fact that the delay was the result of requests for adjournments on the part of the prosecution. The court stated that Family Court had the right to adjourn the case, especially in view of the fact that it would have been “ grossly unjust ’ ’ to foreclose the rights of the infant girl who had been sexually assaulted by the respondent. In rendering its decision, the court took cognizance of the fact that in such situations the party injured may well be placed in a vastly inferior position because of the inadequacies of court proceedings, .while the wrongdoer is protected by superior Law Guardian services provided by the court. (Anonymous v. Judges of Family Ct., Kings County, N. Y. L. J., Oct. 7, 1969, p. 18, col. 4.)
The respondent’s contentions as to undue delay are largely supported by citations of law applicable to criminal law, but even there, as heretofore indicated, the actual prejudice must be shown. In Family Court the concern is with the welfare of the child. Here the respondent is alleged to have engaged in an act with his sister which affects the future welfare of both participants. The facts should be heard, and if established, the resources of the court should be afforded to all parties concerned to correct the conditions which led to this act, and which might lead to more serious antisocial, immoral, or even criminal acts. Mere technical deviation from legal procedure should not take precedence over the best interests of the respondent and other minor children, unless actual prejudice to the respondent’s constitutional rights has been established without question.
The other question raised by the motion is the sufficiency of the allegations as to incest in violation of section 255.25 of the Penal Law.
The statute itself states that the crime of incest is committed when a person engages in “ sexual intercourse ” with certain related persons. Subdivision 1 of section 130.00 of the same statute in defining “ sexual intercourse ”, as it relates to other types of sexual misconduct, limits the definition to sexual intercourse in the normal sense of the word. However, the act allegedly committed by the respondent herein would come within the scope of subdivision 2 of section 130.00 defining ‘ ‘ deviate *666 sexual intercourse ”. While section 130.00 makes these specific definitions applicable to article 130 of the Penal Law, the awareness on the part of the drafters of the distinction made between the types of conduct prohibited cannot be overlooked when interpreting other portions of the same general code.
In People v. Shafer (30 A D 2d 213, 216-17 [4th dept., 1968]) the court stated that: “ Statutory language is generally to be read in accordance with the ordinary understanding of the words used (Bright Homes v. Wright, 8 N Y 2d 157, 161-162; 56 N. Y. Jur., Statutes, § 121); and words will not be expanded so as to enlarge their meaning to something which the legislature could easily have expressed but did not (American Sur. Co. of N. Y. v. Town of Islip, 268 App. Div. 92, 98; 56 N. Y. Jur., Statutes, § 107).. In Meltzer v. Koenigsberg (302 N. Y. 523, 525) the court said: * * * ‘ Courts cannot correct supposed errors, omissions or defects in legislation * * * [T]he mere intentional violation of a general purpose of a law will not constitute a violation of the law, if the law can reasonably be read as not prohibiting the particular conduct. (See People v. Sansanese, 17 N Y 2d 302.) The citizen may assume that the Legislature knew how to draft a bill to forbid conduct it wished to ban, .and when expressly specifying what acts are forbidden, would have included any conduct which it wished to ban (American Sur. Co. of N. Y. v. Town of Islip, 268 App. Div. 92, 98, supra; and see, Poeple v. Woodruff, 32 N. Y. 355, 363-364; 56 N. Y. Jur., Statutes, § 107).”
In applying these general principles to the case before the court, it would appear that the conduct contemplated and the conduct expressly prohibited by section 255.25 was sexual intercourse between certain related persons as the word is ordinarily used in common understanding. While the acts committed by the respondent were clearly wrongful in a moral sense, statutes creating and defining crimes cannot be extended by intendment or otherwise, and no act, however wrongful, can be punished under such a statute unless it is clearly within its terms. (People v. Levy, 283 App. Div. 383.) If a reasonable doubt exists as to the interpretation of a penal statute it should be resolved in favor of the accused. (People v. Horvatt, 237 App. Div. 289, affd. People v. Mangan, 262 N. Y. 508.)
The motion to dismiss so much of the petition as charges acts which, if committed by an .adult, would constitute the crime of incest, in violation of section 255.25 of the Penal Law of the State of New York, is granted.
*667 The Clerk of the court is directed to set this case down for trial at the earliest possible date on the charge involving an alleged violation of section 130.50 of the Penal Law of the State of New York.