■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN C. TUTTLE and ALBERT D. PHELPS, JR., Respondents, et al., Defendant.— Appeal by the People, as limited by their brief, from so much of two orders of the County Court, Westchester County, dated June 13, 1973 and July 18, 1973, respectively, as dismissed the first three counts of the indictment, as to defendant Tuttle in the first order and as to defendant Phelps in the second order. Orders modified, on the law, by striking therefrom the provision dismissing the first count, substituting therefor a provision denying, as to that count, the motion for dismissal, and reinstating said count as to each of said defendants. As so modified, orders affirmed insofar as appealed from. The first count of the indictment alleges that defendants gave money to an attorney for the purpose of influencing his conduct with relation to the affairs of his client, a local organization interested in conservation and ecological matters. The charge, sometimes called "corrupt influencing", is based on section 180.00 of the Penal Law, entitled "Commercial Bribing". Because the predecessor statute, section 439 of the former Penal Law, was judicially construed to apply only to the bribing of an employee of a private business (see, e.g., *People* v. *Graf*, 261 App. Div. 188; *People* v. *Levy*, 283 App. Div. 383; *People* v. *Seligman*, 35 A D 2d 591), the County Court dismissed this count of the indictment. However, whereas the predecessor statute prohibited the corrupt influencing of an "agent, employee or servant of another, * * * with intent to influence such agent's employee's or servant's action in relation to his principal's, employer's or master's business", the present statute states that "a person is guilty of commercial bribing when he confers * ˏ* * any benefit upon an employee, agent or *fiduciary* without the consent of the latter's employer or principal, with intent to influence his conduct in relation to his employer's or principal's *affairs*" (emphasis supplied). The addition of "fiduciary" as one to whom an actionable bribe could be given, and the change of the word "business" to "affairs" after the former word had been used by the courts as a basis for limiting the effect of the old statutes, lead us to conclude that the present statute was intended by the Legislature to encompass the fact pattern here presented. This is buttressed by the fact that the present statute is included in article 180 of the Penal Law, entitled "Bribery Not Involving Public Servants, and Related Offenses", whereas the predecessor statute was in the trade and markets article of the former Penal Law (cf. *People* v. *Graf*, 261 App. Div. 188, 189–190, *supra*). We affirm the dismissal of the second and third counts. The second count charges bribery as a felony, the allegation being that the money was offered to a public servant to influence the exercise of his judgment, which is a crime under section 200.00 of the Penal Law. The theory underlying this charge is that an attorney is a public servant. We agree with the County Court that the intendment of subdivision 15 of section 10.00 of the Penal Law was not to include every attorney within its definition of "public servant". The fact that the attorney is representing a client in an action which may also be brought by the Attorney-General does not change the attorney's status. Furthermore, section 180.00 of the Penal Law is contained in the article entitled, as above

stated, "Bribery Not Involving Public Servants". Since the third count charges conspiracy to commit bribery as a felony and therefore relates only to the substantive crime charged in the second count, it too was properly dismissed. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.