Hon. D. Bruce Crew III District Attorney, Chemung County
This is in response to your letter of February 9, 1978, requesting our opinion as to the situations covered by sections 377, subd 1 and 380-a, subd 1 of the Vehicle and Traffic Law.
The above statutes are penal in nature, since violation of one results in either a fine or imprisonment or both. Penal statutes are to be construed strictly or narrowly against the person seeking their enforcement. McKinney's Cons. Laws of NY, Book 1; Statutes, § 271(a). This is especially true when acts which are not malum in se are to result in the loss of liberty or property. Standard Food Products Corp. v O'Connell,296 N.Y. 52 [1946]. Penal statutes are not to be extended by implication or analogy to situations not clearly covered. Delaney v Central ValleyGolf Club, 28 N.Y.S.2d 932 [1941], affd 263 App. Div. 710, app den263 App. Div. 870, affd 289 N.Y. 577; Freeman v. Kiamesha Concord, Inc.,
76 misc 2d 915 [1974]. It is to be assumed that the legislature, when specifying prohibited acts will include any acts which they wish to ban.In re White, 61 Misc.2d 662 [1969].
In section 377, the legislature specified "logs or other materials which by their very nature may shift or roll" and in section 380-a "earth, sand, stone or similar loose substances." Construing these statutes strictly would require limiting their application to the specifically enumerated items and those items very similar in nature.
Accordingly, it is our opinion that sections 377, subd 1 and 380-a, subd 1, should be narrowly applied to the situations specifically described in the statute or similar situations clearly covered.