OPINION OF THE COURT
David B. Saxe, J.
When does a parked automobile containing license plates become an abandoned vehicle (under Vehicle and Traffic Law, § 1224) for the purposes of supporting a prosecution for “auto stripping” under section 1224 of the Vehicle and Traffic Law?
The essential facts are these: On May 18, 1982 at 4:55 p.m., Francisco Hernandez, screwdriver in hand, was observed at the intersection of 236th Street and Bullard Avenue in The Bronx, peering intently into the opened hood of a parked automobile. The police officer who observed him stated that Mr. Hernandez appeared to be in the process of removing parts from the automobile.
Mr. Hernandez attempted to justify his acts by claiming that he had stopped to examine the unattended vehicle because he thought that it might have been a car owned by his friend that had been stolen. Coincidentally, however, this unattended automobile matched the make and model of the automobile that Mr. Hernandez was driving that day.
Mr. Hernandez was charged with a violation of subdivision 7 of section 1224 of the Vehicle and Traffic Law, punishable by a fine of up to $100. That subdivision states:
*504 “7. No person shall cause any vehicle to be an abandoned vehicle.”
Subdivision 1 of section 1224 of the Vehicle and Traffic Law defines an abandoned vehicle:
“1. A motor vehicle shall be deemed to be an abandoned vehicle if left unattended
“(a) with no number plates affixed thereto, for more than six hours on any highway or other public place;
“(b) for more than twenty-four hours on any highway or other public place, except a portion of a highway or public place on which parking is legally permitted;
“(c) for more than forty-eight hours after the parking of such vehicle shall have become illegal, if left on a portion of a highway or public place on which parking is legally permitted;
“(d) for more than ninety-six hours on property of another if left without permission of the owner.”
Presumably, subdivision 7 of section 1224 of the Vehicle and Traffic Law is intended to prohibit persons from deserting automobiles owned or driven by them. “Auto stripping” does not fall within the purview of the statute’s prohibition. Only by a tortured construction can one imply that it was somehow intended to also cover the facts present here — i.e., the removal of, parts from and acts upon a vehicle left idle on the side of a road or highway. Words employed in a statute should be given their ordinary and usual meaning and should not be construed as to make out a crime by implication. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 276.) Therefore, the defendant’s acts may not be prosecuted under subdivision 7 of section 1224 of the Vehicle and Traffic Law since they do not fall within its clear terms. (See Matter of White, 61 Misc 2d 662; People v Lenti, 44 Misc 2d 118, 122.)
Subdivision 8 of section 1224 of the Vehicle and Traffic Law appears to deal with the situation here more precisely. “8. No person other than one authorized by an appropriate local authority shall destroy, deface or remove any part of a vehicle which is left unattended on a highway or other public place without number plates affixed or which is *505 abandoned. A violation of this subdivision shall be a class A misdemeanor.” Nevertheless, the prosecution failed to prove an essential element of its case — that the vehicle was “abandoned” under subdivision 1 of section 1224.
Under section 1224 (subd 1, par [b]) an unattended automobile with license plates affixed left on a highway or public place on which parking is not permitted becomes an abandoned vehicle 24 hours after it is left. Under section 1224 (subd 1, par [c]) an unattended automobile with license plates affixed left by a highway or a public place on which parking is legally permitted becomes an abandoned vehicle 48 hours after it is left. Therefore, since the vehicle observed had license plates affixed, it was necessary to establish as an integral element of the information that the vehicle was left unattended at the same location — either 48 or 24 hours before the alleged “stripping” incident occurred, depending upon whether the location was one where parking was legally permissible. Had the automobile been without license plates it would not be necessary to prove this durational element, since it is only required that the vehicle be “unattended” as opposed to “abandoned” if the car is “on a highway or other public place without number plates affixed” (Vehicle and Traffic Law, § 1224, subd 8).
It appears that parking was illegal at the place where the vehicle was located. Although the officer apparently observed the defendant in the act of removing parts from the car or otherwise defacing it, he did not establish that the vehicle had been left at the intersection for at least 24 hours. This being said, it is clear that the defendant was not properly charged with defacing or “stripping” an “abandoned” vehicle under subdivision 8 of section 1224 of the Vehicle and Traffic Law since it was not established that the vehicle was, in fact, abandoned. Consequently, the information is dismissed.