OPINION OF THE COURT
David D. Egan, J.
In a case of apparent first impression the defendant has moved by notice of motion and supporting affidavit of John T. Sylvester, Esq., dated September 17, 1982 for dismissal of the charge that he violated subdivision 1 of section 377 of the Vehicle and Traffic Law on the grounds that the traffic summons and supporting deposition are defective by not meeting the standards of CPL 100.15 (subd 3) requiring the allegation of facts of an evidentiary character supporting or tending to support the charge. The People responded by answering affirmation of Kathleen A. Majewski, Assistant District Attorney, dated September 30, 1982.
The defendant was issued a traffic ticket by a Rochester police officer charging defendant with a violation of subdivision 1 of section 377 of the Vehicle and Traffic Law supported by factual allegations which in summary stated that a large amount of wet barley had spilled onto the pavement of Route 490 from the back end of the tractor trailer being operated by defendant when a chain on the back came loose. The defendant contends that subdivision *96 1 of section 377 does not apply to truckloads of barley and the charge should therefore be dismissed.
Section 377 reads as follows:
“§ 377. Vehicles engaged in the transportation of logs and other materials
“1. No vehicle which is designed or used for the purpose of hauling logs or other materials which by their very nature may shift or roll so as to be likely to fall from such vehicle, shall be operated or moved over any highway unless its load is securely fastened by such safety chains, cables or other suitable devices as will effectively prevent the shifting or falling of such load or any part thereof, from the vehicle.
“2. The commissioner is authorized to make necessary rules and regulations to carry into effect the provisions of this section, applying such provisions to specific conditions and prescribing means, methods and practices to effectuate such provisions. Before any such rule or regulation is adopted, amended or repealed there shall be a public hearing thereon, notice of which shall be published at least once, not less than ten days prior thereto, in such newspaper as the commissioner may prescribe.
“3. A violation of any of the provisions of this section or of any rule or regulation promulgated hereunder shall constitute a misdemeanor punishable by a fine of not more than one hundred dollars, or by imprisonment for not more than thirty days, or by both such fine and imprisonment.”
The rules and regulations of the Commissioner of Motor Vehicles implemented by authority of subdivision 2 of section 377 of the Vehicle and Traffic Law in 15a NYCRR 48.1-48.7 contain no reference or application to barley or other such granular or straw-like products. Section 48.1 (a) merely restates subdivision 1 of section 377, 15 NYCRR 48.1 (b) covers logs, 48.2 logs, other than short-cut pulpwood, 48.3 short-cut pulpwood, 48.4 wood poles, 48.5 logs, pulpwood (other than short-cut pulpwood) and wood poles, 48.6 short-cut pulpwood and 48.7 sets rules for vehicles and drivers engaged in the transportation of logs, pulpwood or wood poles covered by the commissioner’s regulations.
*97 Subdivision 1 of section 377 of the Vehicle and Traffic Law is penal in nature and, thus, should be narrowly construed to apply only to the items specifically described and those very similar in nature. (See 1978 Atty Gen [Inf Opns] 114, citing McKinney’s Cons Laws of NY, Book 1, Statutes, § 271, subd a; Matter of Standard Food Prods. Corp. v O’Connell, 296 NY 52; Delaney v Central Val. Golf Club, 28 NY2d 932, affd 263 App Div 710, app den 263 App Div 870, affd 289 NY 577; Freeman v Kiamesha Concord, 76 Misc 2d 915; Matter of White, 61 Misc 2d 662).
Subdivision 1 of section 377 of the Vehicle and Traffic Law does not apply to truckloads of barley or other such granular or straw-like material.
The defendant’s motion to dismiss is granted.