THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES A. LEARY, Defendant.

Third Department, October 2, 1953.

*Nathaniel L. Goldstein, Attorney-General* (*Paul W. Williams* of counsel), for plaintiff.

*E. Stewart Jones* for defendant.

*Per Curiam.* After the reinstatement by the Court of Appeals of the indictment charging the defendant with the crime of perjury (305 N. Y. 793), it appears that additional evidence was submitted to the Extraordinary Grand Jury of the County of Saratoga and an additional indictment was found against the defendant on September 8, 1953, charging him with the crime of conspiracy, in violation of section 580 of the Penal Law. The indictment charged that the defendant conspired " with Herbert C. Stone and divers other persons to the Grand Jury unknown, to commit the crime of perjury and to commit acts for the perversion and obstruction of justice and the due administration of the laws ". Ten overt acts in pursuance of the conspiracy are set forth in the indictment, including the giving of allegedly perjured testimony by the defendant and by Stone with respect to the true ownership of certain shares of stock of the Saratoga National Bank.

A motion was made at the Extraordinary Term to consolidate the two indictments. The argument of the motion was adjourned to October 5, 1953 (which was also set as the date for the trial of the indictments), in order to give the defendant time to make a motion in this court to dismiss the conspiracy indictment. By order to show cause, the defendant moved in this court (1) for dismissal of the conspiracy indictment " on the ground that it was found in violation of the defendant's constitutional rights "; (2) in the alternative, for an order directing separate trials of the two indictments; (3) for an inspection of the minutes of the Grand Jury upon which the indictment for conspiracy was found; and (4) for particulars of the conspiracy indictment " to enable the defendant to prepare his defense ".

The motions were made in this court under the purported authority of subdivision 2 of section 149 of the Judiciary Law, as added by chapter 890 of the Laws of 1953, which reads as follows: " A motion involving a matter pending before such extraordinary special or trial term shall be made returnable at such term, or, at the option of the moving party, at a term of the appellate division of the supreme court in the department in which such extraordinary special or trial term is being held."

We have concluded that the defendant is not entitled to any of the relief sought.

(1) The motion to dismiss the conspiracy indictment is without merit. The defendant's argument in support of the motion is based upon the fact that the defendant appeared before the Grand Jury on July 16, 1952, and testified with respect to the ownership of certain shares of stock of the Saratoga National Bank. This is the testimony which is the subject of the perjury indictment, and it is now claimed that by giving this testimony the defendant acquired immunity from prosecution upon the charge of conspiracy. The defendant's testimony consisted chiefly of categorical denials that he was the owner of, or had any beneficial interest in, the shares of stock of the Saratoga National Bank in question.

It seems clear to us that the defendant did not acquire immunity by reason of this testimony. Immunity from prosecution was granted by section 584 of the Penal Law (as it read prior to the taking effect on September 1, 1953, of the amendment enacted by chapter 891 of the Laws of 1953) to any person who was compelled to give testimony, upon an investigation of a charge of conspiracy, which might " tend to convict him of a crime ". The defendant gave no such testimony upon the occa-

sion of his appearance before the Grand Jury. He made no disclosures of an incriminating character; he furnished no clues which might " supply the links whereby a chain of guilt " could be " forged from the testimony of others ". (*Matter of Doyle*, 257 N. Y. 244, 251.) Immunity is conferred by the statute only in exchange for the defendant's giving, under compulsion, incriminating evidence which he could not otherwise be compelled to give under the Constitution. The immunity is no broader than the privilege against self-incrimination which it is intended to replace (*Heike* v. *United States*, 227 U. S. 131, 142–143; *People* v. *Anhut*, 162 App. Div. 517, affd. 213 N. Y. 643; cf. *People ex rel. Coyle* v. *Truesdell*, 259 App. Div. 282; see, also, 8 Wigmore on Evidence [3d Ed.], § 2282, pp. 505–508; 1942 Report of N. Y. Law Revision Commission, pp. 431–440). There was nothing in the defendant's testimony which tended to show that the defendant was guilty of the crime of conspiracy or which disclosed the existence of a conspiracy between the defendant and Stone to conceal the true ownership of the stock through the medium of perjured testimony or other unlawful means, nor was there anything in the testimony which gave the prosecution any clues or leads to establish such a conspiracy. On the contrary, in giving the testimony, which was subsequently charged to have been perjurious, the defendant negatived the existence of any such conspiracy. In this situation, the defendant acquired no immunity by his testimony.

(2) We cannot entertain the motion for an order directing separate trials. At the present time, there are two separate indictments against the defendant and no question of the separation of the charges is properly before us. It is true that there is a motion pending at the Extraordinary Term for the consolidation of the indictments but that is a motion which was properly made at the Extraordinary Term by the moving party, the People of the State of New York. Subdivision 2 of section 149 of the Judiciary Law quoted above requires that all motions involving matters pending before an Extraordinary Term be made returnable at that term, except that " at the option of the moving party " the motion may be made at a term of the Appellate Division in the department in which the Extraordinary Term is being held. It is the moving party which has the option to make the motion in the Appellate Division instead of at the Extraordinary Term. If the moving party elects to move at the Extraordinary Term, the statute does not authorize the adverse party to move in the Appellate Division for a negative order in effect directing the Extraordinary Term to refrain from

granting the relief sought by the moving party. To permit this practice would be to violate the plain mandate of the statute and to allow the party against whom a motion is made, rather than the moving party, to exercise the option of determining whether the motion should be decided in the first instance by the Extraordinary Term or by the Appellate Division. If the motion to consolidate now pending at the Extraordinary Term is decided against the defendant and if the defendant is ultimately convicted upon the trial, the question which he now seeks to raise will be open for review in this court upon an appeal from the judgment of conviction, in accordance with the usual practice in criminal cases laid down in the Code of Criminal Procedure.

(3) No reason has been shown for the granting of an inspection of the Grand Jury minutes.

(4) The indictment is in the common-law or long form. The nature of the conspiracy charged and the overt acts alleged to have been committed pursuant thereto are set forth with particularity and there is no basis for requiring the People to furnish additional particulars or to disclose the evidence which they intend to offer upon the trial.

The defendant's motions should be in all respects denied.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Defendant's motions in all respects denied.