THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN F. DOYLE, Defendant.

Third Department, July 7, 1955.

*John T. De Graff* for defendant.

*Jacob K. Javits, Attorney-General* (*Henry S. Manley* and *Arthur H. Christy* of counsel), for plaintiff.

BERGAN, J. P.   From 1941 to 1949 defendant John F. Doyle was District Attorney of Saratoga County; from 1950 to the present time he has been Surrogate.   In 1951 an Extraordinary Term of the Supreme Court was appointed by the Governor for Saratoga County to be attended by the Attorney-General. Defendant was called by the Attorney-General before the Grand Jury sitting in connection with that term three times, May 14, 1952, November 10, 1954, and December 22, 1954.

On each of these three occasions he signed and executed waivers.   These instruments waived immunity from subsequent criminal prosecution in connection with " my official duties as Surrogate of Saratoga County ".   The waivers each contained an omnibus clause that " I waive only such immunity which I as a public officer am required to waive by Article I, Section 6, of said Constitution, but I do expressly waive all immunity which by said article and section, I, as a public officer, am required to waive ".

He refused to sign more general forms of waiver tendered him; and at his appearance on December 22, 1954, he refused to sign a general waiver of immunity and a waiver of immunity making specific reference to the office of District Attorney for the years 1941 to 1949.

This action is instituted by the Attorney-General for the removal of the defendant from the office of Surrogate based on his refusal to sign these two waivers of immunity on December 22d; and the question as presented narrows down to whether defendant was required to sign the specific waiver of immunity relating to the office of District Attorney which he no longer held at the risk of removal from the office of Surrogate.   The motion before us is by the defendant for judgment on the pleadings and for summary judgment in his favor.

The relevant constitutional mandate is that " any public officer " who being called before a Grand Jury to testify " concerning the conduct of his office or the performance of his official duties ", refuses to sign a waiver of immunity against subsequent criminal prosecution shall forfeit his office at the suit of the Attorney-General and shall for a period of five years be disqualified " from holding any other public office ".   (N. Y. Const., art. I, § 6.)

We read the constitutional words as applying to the office presently occupied; and we think that the words do not mean that an officer can be removed from one public office for refusing to sign a waiver of immunity relating to an office previously but no longer held by him. The appearance before the Grand Jury by "any public officer" is in the character of the office he occupies. The words "conduct of his office" and performance of "his official duties" used in immediate context refer to the public office then occupied.

The disqualification from holding a later public office is a result only of a failure to waive immunity and testify concerning the office held at the time of inquiry; and historically this consequent future disqualification related to and was intended to correct the special kind of situation considered in *People* v. *Harris* (294 N. Y. 424).

We do not find justification in any of the constitutional language for removing a man from one office because he refuses to waive immunity for the acts involved in the earlier office. Such an unusual consequence, unlimited in time or effect, and embracing results not heretofore envisaged by those who have been familiar with this constitutional language, ought not to be readily embraced in the absence of explicit constitutional direction.

The judgment should be entered for defendant, without costs.

Coon, Halpern and Zeller, JJ., concur; Imrie, J., not voting.

Motion for judgment for the defendant granted, without costs.