THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DENNIS P. O'DOWD, Defendant.

Fourth Department, July 14, 1959.

*Louis J. Lefkowitz, Attorney-General,* by *Robert E. Fischer, Special Assistant Attorney-General,* for plaintiff.

*Eugene M. Hanson* for defendant.

WILLIAMS, J. This action has been instituted by the Attorney-General under section 1210 of the Civil Practice Act to remove the defendant from public office because of alleged violations of section 6 of article I of the Constitution of the State of New York.

We have before us for decision motions of both plaintiff and defendant addressed to the pleadings. They come to us originally and not upon appeal, under the provisions of subdivision 2 of section 149 of the Judiciary Law, which states: "A motion involving a matter pending before such extraordinary special or trial term shall be made returnable at such term, or, at the option of the moving party, at a term of the appellate division of the supreme court in the department in which such extraordinary special or trial term is being held."

Inasmuch as the motions involve a matter pending before an Extraordinary Special and Trial Term appointed by the Governor, pursuant to subdivision 1 of said section 149, and the parties have chosen to present these motions to this court

in the first instance, they are properly before us (*People* v. *Leary*, 282 App. Div. 476; *People* v. *Doyle*, 286 App. Div. 276, affd. 1 N Y 2d 732).

The motion of the defendant, under rule 106 of the Rules of Civil Practice, is on the ground that the complaint does not state facts sufficient to constitute a cause of action. The cross motion of the plaintiff is addressed to the answer and is based in part on subdivision 6 of rule 109 of the Rules of Civil Practice, and in part on rule 103, on the grounds that the defenses consisting of new matter are insufficient in law and that in any event such matter is " frivolous, irrelevant, and/or redundant."

The complaint contains three separate causes of action which seek to remove defendant from his office because of his failure to answer questions put to him before a Grand Jury in alleged violation of said subdivision 6 of article I of the Constitution, which provides in part: " No person shall be subject to be twice put in jeopardy for the same offense; nor shall he be compelled in any criminal case to be a witness against himself, providing, that any public officer who, upon being called before a grand jury to testify concerning the conduct of his office or the performance of his official duties, refuses to sign a waiver of immunity against subsequent criminal prosecution, or to answer any relevant question concerning such matters before such grand jury, shall by virtue of such refusal, be disqualified from holding any other public office or public employment for a period of five years, and shall be removed from office by the appropriate authority or shall forfeit his office at the suit of the attorney-general."

The three causes of action are substantially the same. They state that the defendant is a public officer, to wit, General Manager of the Board of Water Supply of the City of Utica, State of New York, and is a public officer within the meaning of the constitutional provision; that the Extraordinary Special and Trial Term in question was appointed by the Governor and that a Grand Jury was duly impanelled to serve in connection with said Extraordinary Special and Trial Term; that the defendant signed a limited waiver of immunity pertaining to an inquiry as to the conduct of his office and the performance of his duties as such General Manager; and that after the execution of the waiver, he was asked certain questions before said Grand Jury by a Special Assistant Attorney-General which were relevant to the conduct of defendant's office and the performance of his official duties. The questions are set out in full and then it is alleged as to each: " That the defendant

refused to answer the aforesaid question." There are other allegations, but we have outlined those which are material. There is nothing stated as to the reasons, if any, why the defendant refused to answer. There are merely allegations of relevance and refusal.

The full text of defendant's limited waiver is annexed to the complaint. Defendant agreed to waive immunity as to all testimony that he might give relating " to the conduct of my office and the performance of my official duties as General Manager of the Board of Water Supply, Utica, New York." This is in form generally approved in *People* v. *Doyle* (286 App. Div. 276, affd. 1 N Y 2d 732).

We shall address ourselves first to defendant's motion under rule 106. Of course, in analyzing this complaint, we must accept the allegations as true and we must draw reasonable inferences in its favor (*Schwartz* v. *Heffernan,* 304 N. Y. 474, 482; *Hegeman* v. *Conrad,* 3 A D 2d 667).

The defendant strongly urges that he is not a public officer as defined and contemplated in the Constitution. We think that the allegation to the effect that he is a public officer, coupled with the description of his office as contained in his title, is sufficient for the purpose of a motion such as this (*Canteline* v. *McClellan,* 282 N. Y. 166).

Inasmuch as the form of the questions is criticized, we set them forth as they appear in causes of action one to three, respectively:

" Q. All right. Now in connection with your conferences or meetings with other public officials, did you ever have occasion to discuss prostitution with any public official in the City of Utica?

" Q. Mr. O'Dowd, have you at any time delayed or denied water service to any individual, partnership, or corporation at the request of, or upon the order of, any public officer, individual or political organization?

" Q. Have you ever assessed political contributions against employees of the water board?"

Although the form and content of these questions are somewhat dubious from the standpoint of clarity and relevance (particularly question 1), we cannot say that they are irrelevant or improper as a matter of law, and we conclude that the complaint is sufficient to bring the issues of relevance and propriety before the trier of the facts.

We are concerned primarily with the question of whether the allegation of defendant's refusal, standing alone, is suffi-

cient to support a cause of action brought under the constitutional provision. We are dealing only with the allegations appearing on the face of the complaint. It does not appear that the defendant gave any reason for refusing to answer the questions before the Grand Jury. So far as appears from the complaint there was simply an outright refusal.

Before the constitutional amendment which resulted in section 6 of article I in its present form, a public officer enjoyed all of the rights of any other person to refuse to testify against himself. The amendment was introduced and passed to prevent the unwholesome spectacle, present in the so-called " Seabury Investigation," of public officers, many in positions of trust, refusing to answer questions concerning their offices on the ground that their answers might tend to incriminate them (see Revised Record of 1938 Constitutional Convention, Vol. 3, pp. 2591–2592; Vol. 4, pp. 2593–2599). The amendment was designed to prevent this by the penalty of the loss of public office for failure to waive immunity or to answer relevant questions. But, except as to the necessity of waiver and answers, their fundamental rights remained. These rights are many, including the right to refuse to answer questions that are irrelevant or improper in form or substance.

A fair interpretation of the spirit and intent of the section of the Constitution here involved is that a public officer may be removed if he fails to sign the required waiver, or if he refuses to answer a relevant question on the ground of constitutional privilege against self incrimination or willfully or contumaciously, but not if he refuses to answer for any valid reason.

In view of the novelty of the procedural questions involved, it might be better practice for a prosecuting attorney to apply to the court for a ruling upon the relevance and propriety of the questions and with the opportunity to the witness to be heard with counsel, following the procedure in *Matter of Knapp* v. *Schweitzer* (2 A D 2d 579, affd. 2 N Y 2d 913) and *People* v. *Brayer* (6 A D 2d 437, motion for leave to appeal denied 5 N Y 2d 709). If the witness is directed to answer by the court and then persists in his refusal, an action of this kind could be instituted. Such procedure would not only be fair to the witness but would also be helpful to the court before which the action would be tried.

We conclude, however, that, as a matter of pleading, the complaint is sufficient and the defendant's motion must be denied. We cannot say that the questions were irrelevant or improper as a matter of law. These questions must remain for the trial court.

In the present action, in the event that the trial court shall ultimately determine that the questions were relevant and proper but that there had been a bona fide question as to their relevance and propriety raised by defendant in good faith, the part that good faith plays and its effect in an action such as this is a matter to be determined at the time of trial, and we do not pass upon it.

As we have stated, the plaintiff's motion is to strike the affirmative defenses from the answer on the ground that they are insufficient in law, or in the alternative, to strike them on the ground that they are "frivolous, irrelevant and/or redundant."

The first affirmative defense to the first cause of action states that during the examination the defendant answered all relevant, clear, definite and pertinent questions relating to the conduct of his office and that the question set forth is vague, indefinite, inconclusive and accordingly incapable of being answered definitely, certainly and unequivocally.

The second affirmative defense to the first cause of action alleges that the Extraordinary Grand Jury will continue to function for a considerable period of time in the future and requests that, if the question should be judicially determined to be relevant, the defendant be permitted to present to the Grand Jury a proposed answer which is set forth in the pleading.

The affirmative defenses to the second and third causes of action are substantially the same except that in addition defendant denies any knowledge, information and belief that such questions were asked.

These defenses may properly raise questions of relevance and propriety. They also may bear upon the element of good faith on the part of the defendant which we have mentioned above.

For these reasons and upon the papers before us, the plaintiff's motion also will be denied. As to the request for an opportunity to answer the questions in the event the court should find them relevant and proper, we do not pass at this time upon what course ought to be taken at trial.

All concur, KIMBALL, J., in result in the following memorandum: I concur in the result reached by the majority. We all agree that the complaint states a cause of action and that the affirmative defenses in the answer should remain. The issues are essentially those of the relevancy of the questions and the good faith of the defendant in refusing to answer questions before the Grand Jury. Such issues are to be determined upon a jury trial pursuant to section 1221 of the Civil Practice Act. Having sustained the complaint as a pleading upon the motion

to dismiss, we do not reach any other question as to the procedure to be employed either as a condition precedent to the maintenance of the action or otherwise. It would hardly seem that the amendment to the Constitution contemplated two trials of the issues; one before the court as in a contempt proceeding and another at some later time in the action brought by the Attorney-General under the statute for forfeiture of office.

Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Defendant's motion and plaintiff's cross motion denied, without costs.