■ In the Matter of RICHARD A. HENNESSY, JR., as District Attorney of Onondaga County.—Order unanimously reversed and cross motion granted in accordance with the following memorandum: This appeal presents questions of the jurisdiction of the Special Prosecutor appointed by the Governor to investigate certain matters in Onondaga County. On November 24, 1976 Governor Carey issued Executive Order No. 42 (9 NYCRR 3.42) which directed the Attorney-General to manage and conduct criminal actions and proceedings in Onondaga County before an Extraordinary Special Grand Jury "arising out of, relating to, or in any way connected with the offer, payment, acceptance or solicitation of funds or other consideration in connection with the obtaining or retaining * * * of any contract or other benefit from a public employee, public officer, public agency or the State or any of its political subdivisions". Such order further provided that relative to these matters the Attorney-General supersede the Onondaga County District Attorney and that the District Attorney "shall exercise only such powers and perform such duties as are required of him by" the Attorney-General. On October 17, 1978 two subpoenas duces tecum were served on an employee of the Housing Rehabilitation Staff, Community Development Division of the Office of Economic Development, requiring production of certain documents before the Extraordinary Special Grand Jury on October 19, 1978. The subpoenas related to an investigation of an inspector in the Office of Economic Development, in connection with bids for public contracts and certification of completion by the contracting corporation by which he is employed as a foreman. On the return date of said subpoenas, the Onondaga County District Attorney issued two subpoenas duces tecum, one to an employee of the Office of Economic Development and a second to an Onondaga County Sheriff's Department investigator who had previously received some original records in the investigation. These subpoenas were returnable the same day. On the morning of October 19 this matter was presented to the Onondaga County Court in the absence of the Special Prosecutor, as a result of which the court issued two judicial subpoenas requiring the Sheriff's department and the Office of Economic Development to provide certain documents before a county Grand Jury as directed by the District Attorney's subpoenas. Based upon the inability of the District Attorney and Special Prosecutor to resolve the jurisdictional question in this investigation, the District Attorney on October 25, 1978 applied to the Onondaga County Court and secured an order to show cause directing the Special Prosecutor to show cause why the District Attorney should not be allowed to conduct unencumbered the investigation. On October 27, 1978

the Special Prosecutor submitted a cross motion which requested the County Court to vacate its order to show cause and transfer the proceeding to the Extraordinary Term of Supreme Court. The present appeal is from an order of the County Court entered November 3, 1978 which denied the Special Prosecutor's cross motion to vacate the order to show cause and to transfer the matter to Extraordinary Term and determined that the District Attorney had authority to conduct unencumbered the investigation of the proceedings. We find that this proceeding is in the nature of prohibition and that the County Court lacked jurisdiction in the first instance (CPLR 7804, subd [b]). This brings us to consideration of the Special Prosecutor's cross motion which had requested County Court to vacate its order to show cause in the first instance and transfer such application to the Extraordinary Term, pursuant to subdivision 2 of section 149 of the Judiciary Law. While proper motions would be returnable in that manner, prohibition against the Special Prosecutor is not a remedy available under subdivision 2 of section 149 of the Judiciary Law *(People v Rosenberg,* 45 NY2d 251, 256-257). A proceeding for a writ of prohibition relative to the authority of a Special Prosecutor and Extraordinary Special Grand Jury, however, may properly be commenced in this court which has the authority to pass on the merits, *de novo,* although there was error in instituting such proceeding in the first instance *(Matter of Dondi v Jones,* 40 NY2d 8; 24 Carmody-Wait 2d, § 145:251; see *People v O'Dowd,* 8 AD2d 468, 469-470). A careful review of the records presented leads us to conclude that this investigation is a proper subject for the Special Prosecutor and Extraordinary Grand Jury to pursue and that such authority is clearly within the parameters of Executive Order No. 42. We also point out that where a Special Prosecutor is authorized to investigate and proceed in a subject area the District Attorney's authority is superseded (NY Const, art IV, § 3; Executive Law, § 63, subd 2). Questions relative to jurisdiction under Executive Order No. 42 are properly the subject for determination by the Extraordinary Special and Trial Term. We have already suggested in *Mulroy v Carey* (58 AD2d 207, affd 43 NY2d 819), that any party who feels aggrieved (not including the District Attorney) has sufficient recourse under subdivision 2 of section 149 of the Judiciary Law to challenge the jurisdiction of the Extraordinary Special and Trial Term. That is the appropriate and only vehicle under which challenges should be made. In the light of the findings of this court it is not necessary to address ourselves to, nor do we decide, other matters that were raised on this appeal by the Special Prosecutor. (Appeal from order of Onondaga County Court— investigation.) Present—Cardamone, J. P., Schnepp, Doerr, Witmer and Moule, JJ. [97 Misc 2d 213.]