OPINION OF THE COURT
William H. Bristol, J.
José J. Santiago is charged with multiple counts of murder in the first degree, murder in the second degree and attempted murder in the first degree. With this indictment now pending, he awaits his trial in the Monroe County Jail where he is a pretrial detainee. His detention is a result of his expressed declination to request that this court set any bail.
*642 As a result of his detention, he now claims (among other things) that the access of the District Attorney to jail records violates certain statutory privileges that he enjoys, deprives him of his right to effective assistance of counsel and violates his right to due process of law. He asserts that if the prosecution knows the identity of those who visit him it will have a “clear window into defense strategy and preparations.” This, defendant claims, will “ham-string” “defense efforts to fully and meaningfully represent Mr. Santiago at both the guilt-innocence and possible sentencing phases of this potential capital trial”.
It is the defendant’s request, therefore, that this court grant: (1) An order that restrains employees of the Monroe County Sheriff’s Office and the Rochester Police Department from disclosing information concerning those who visit Mr. Santiago either in or outside the Monroe County Jail;* (2) An order directing the Monroe County Sheriff’s Department to “seal and maintain the confidentiality of any record of any visit that may occur in or outside the jail between Mr. Santiago and any expert or other person retained or authorized by Mr. Santiago’s counsel to meet with him for purposes related to preparing and presenting his defense in this case, including but not limited to any visiting logs or registration forms containing a record of the visit;” (3) An order from this court “requiring the Monroe County Sheriff and the Monroe County Jail to take all necessary and reasonable measures to inform their employees who might have access to Mr. Santiago’s jail records or first-hand information about his jail visits, about this court’s sealing order.”
In other words, defense counsel seeks to have Monroe County Court tell the Rochester Police Department and the Monroe County Sheriff’s Department what they may do and what they may not do; he seeks to have County Court prohibit these public officials from doing certain acts and to mandate them to do certain other acts.
County Court is a constitutional body created by article VI, § 11 of the New York State Constitution. As such, it is a court of limited authority; our State Constitution gives this court no authority to grant the defendant’s requested relief; this court has been unable to find any other source of authority to grant such an order. Rather, such authority appears to be exclusively *643 a matter of a proceeding brought in New York State Supreme Court pursuant to CPLR article 78. As held in Matter of Hennessey (67 AD2d 1089, 1090 [4th Dept 1979]), County Court lacks jurisdiction in a proceeding which is in the nature of a prohibition. To this the court would add the corollary that County Court also lacks jurisdiction in a proceeding which is in the nature of mandamus. New York State Supreme Court is the appropriate and exclusive court for the exercise of such jurisdiction.
Accordingly, this court must, and hereby does, deny defendant’s present motion. Since this court previously issued a temporary order staying the Monroe County Sheriff and the Rochester Police Department from divulging any such records, this earlier order is, perforce, vacated.

 While in custody of the Monroe County Sheriff and under guard, defendant has left the jail at times for matters related to this case.