OPINION OF THE COURT
David D. Egan, J.
This is a potential death penalty case. Defendant John Owens is charged with two counts of murder in the first degree, two counts of murder in the second degree, and three counts of rape in the first degree. The District Attorneys Office has not *829 yet decided whether to file a notice of intent to seek the death penalty pursuant to CPL 250.40. With no bail request made to date, defendant is currently being held in the Monroe County Jail awaiting his trial.
Under the veil of heightened due process that defendant alleges should be afforded all capital murder cases, defendant seeks to have the records of any jail visits “sealed and their confidentiality maintained.” Specifically the defense is concerned that the prosecution will learn of the names of defendant’s professional visitors, and the lengths of their visits. Defendant argues that the District Attorney’s access to such records would give the prosecution a “clear window into defense strategy and preparations.”
In support of his claim, defendant cites People v Irwin and People v Banker (County Ct, Sullivan County, Mar. 11, 1999, LaBuda, J.; see, Spencer, Rare Motion to Close Hearings in Death Penalty Pretrial Fails, NYLJ, Mar. 15, 1999, at 1, col 4) wherein the Sullivan County Court granted a similar request for such nondisclosure finding that it was “consistent with the confidentiality mandated” by Judiciary Law § 35-b (8). Judiciary Law § 35-b (8) permits a defendant in a capital case to apply ex parte for the court’s authorization of county funding for the cost of “investigative, expert or other” services. (Id.) The clear intent of the statute is to prevent the disclosure of a defendant’s trial strategy by ensuring that the court’s determination of whether the proposed investigative and expert expenditures are reasonably necessary to the defense are conducted ex parte.
This court lacks jurisdiction to grant such relief. County Court is a court of limited jurisdiction created by article VI, § 11 of our State Constitution. Only a State Supreme Court through a CPLR article 78 proceeding may issue a mandamus or a prohibition directing the procedures of a local law enforcement agency. (People v Santiago, 181 Misc 2d 641 [Montgomery County Ct 1999, Bristol, J.]; cf., Matter of Hennessy, 67 AD2d 1089, 1090 [4th Dept 1979].)
Even if this court were vested with such authority, it is not convinced that the disclosure of the jail logs would give the prosecution a tactical advantage. Unlike a Judiciary Law § 35-b (8) proceeding where a capital defendant is compelled to justify his need for funding for expert and investigative services, the disclosure of his jail visitors’ names does not hold the potential to reveal privileged communications. In fact under CPL 240.30 (2) the defendant ultimately will be required to *830 disclose to the prosecution the names of his experts. Other safeguards are in place, including sanctions and remedies at trial, to ensure that the prosecution does not misuse such information in the interim. (People v Hall, 179 Misc 2d 488, 496 [Sup Ct, Monroe County 1998, Mark, J.], citing People v Riggins, 178 Misc 2d 12, 20-23 [Monroe County Ct 1998]; People v Warmus, 148 Misc 2d 374, 380-384 [Westchester County Ct 1990].)
The defendant’s motion is therefore denied.