OPINION OF THE COURT
John Leone, J.
Petitioner Frank Perino who has been blind since birth, seeks an injunction prohibiting respondent St. Vincent’s Medical Center of Staten Island from denying him access to its delivery room while accompanied by his guide dog. Petitioner, *21 Cathy Ferino, his wife, is expected to give birth to their child on or about May 25, 1986.
Petitioner relies on Civil Rights Law § 47, which reads:
"§ 47. Use of public facilities by blind or deaf persons
"1. No person shall be denied admittance to and/or the equal use of and enjoyment of any public facility solely because said person is blind or deaf or because said person is blind or deaf and is accompanied by a guide dog.
"2. For the purposes of this section the term 'public facility’ shall include, but shall not be limited to, all modes of public and private transportation, all forms of public and private housing accommodations whether permanent or temporary, buildings to which the public is invited or permitted, including those maintained by the state or by any political subdivision thereof, all educational facilities and institutions, including those maintained by the state or by any political subdivision thereof, all places where food is offered for sale, all theatres, including both live playhouses and motion picture establishments and all other places of public accommodations, convenience, resort, entertainment, or business to which the general public or any classification of persons therefrom is normally or customarily invited or permitted.”
A delivery room of a hospital, as well as the labor room and maternity ward, are not places to which the general public is normally invited or permitted, as those places are commonly perceived. Normally, they are restricted to the expectant mother and father and the attending physicians and nurses. They are not considered public places, not only because social custom and practice do not accept them as such, but also because reasonable health measures dictate that they not be open to the public. Ordinarily, labor, delivery, and nursery units of hospitals are closed units, and the hospital may set appropriate restrictions governing entry into these units (10 NYCRR 405.8 [a] [4]). It cannot be gainsaid that the general public is normally or customarily invited or permitted to be present at or to view the delivery of a child at a hospital, surgery, or the like.
While a hall in a hospital may be considered a public place (see, e.g., People ex rel. Steeley v Ennis, 45 NYS2d 446, 448), as well as the hospital cafeteria or snack bar serving travelers (see, e.g., United States v Medical Socy., 298 F Supp 145, 152), the same cannot be said for other portions of the hospital wherein the usual functions of a hospital are carried out (see, *22 e.g., Hopwood v City of Pittsburgh, 152 Pa Super Ct 398, 33 A2d 658, 660).
The Civil Rights Law is in derogation of the common law, and as such should be strictly construed (Delaney v Central Val. Golf Club, 28 NYS2d 932, affd 263 App Div 710, affd 289 NY 577; Brody v Leamy, 90 Misc 2d 1).
Accordingly, the court rules that Civil Rights Law §47 is inapplicable to the situation at bar, inasmuch as the delivery room, as well as the labor room and maternity ward, are not public facilities as used or contemplated by the statute. Since that section of the law is not applicable to the section authorizing the presence of the guide dog (Civil Rights Law § 47-b [1]) is not triggered.
Petitioners also rely on Executive Law § 296 (14) in support of their position. That section states:
"14. It shall be an unlawful discriminatory practice for any person engaged in any activity covered by this section to discriminate against a blind person or a hearing impaired person who has a hearing impairment manifested by a speech discrimination score of forty percent or less in the better ear with appropriate correction as certified by a licensed audiologist or otorhinolaryngologist as defined in section seven hundred eighty-one of the general business law, as added by chapter seven hundred ninety-nine of the laws of nineteen hundred seventy-five, or a physician who has examined such person pursuant to the provisions of section seven hundred eighty-four of such law as added by such chapter on the basis of his use of a guide dog or hearing dog.”
The issue under the Executive Law is whether it is an unlawful discriminatory practice by respondent to exclude petitioner’s guide dog from its delivery room during the birth of the child.
The court finds the rationale in the case of New York Roadrunners Club v State Div. of Human Rights (81 AD2d 519, affd 55 NY2d 122) persuasive. In that case the petitioners were found guilty of an unlawful discriminatory practice in refusing to permit disabled persons in wheelchairs to participate in the 1978 New York City Marathon. Petitioners had also barred individuals who wished to use a bicycle or a skateboard in the foot race. The court overturned the administrative determination that petitioners engaged in an unlawful discriminatory practice against the disabled in wheelchairs. After noting that many disabled individuals such as blind *23 persons, amputees, diabetics, and multiple sclerosis victims were permitted to participate in the marathon, the court held (p 520): "The Human Rights Law [Executive Law § 290 et seq.] is aimed at preventing unlawful discrimination against the disabled. Its purpose is not to effect radical rule changes in traditional sporting events so that the disabled may participate. Vehicles, such as wheelchairs, are foreign to the marathon. Moreover, in the crowded conditions of a marathon, the wheelchairs present an unacceptable danger to users and runners alike.”
The Court of Appeals upheld the determination that the prohibition against the use of wheelchairs was not an unlawful discriminatory practice (55 NY2d 122, supra).
Drawing a parallel to the case at bar, the Human Rights Law was never intended to effectuate a radical change in respondent’s compliance with the Public Health Law concerning the control and/or prevention of infectious diseases.
The court recognizes that petitioner’s guide dog is a living, breathing animal to which petitioner has apparently become attached over the last three years. However, for purposes of the Human Rights Law, it must be realized that he is but an instrumentality which aids the petitioner in overcoming his blindness, just as the wheelchair aided those to overcome their inability to walk or run in the New York Roadrunners Club case. Dogs are just as foreign to the delivery room as wheelchairs were deemed foreign to the marathon in that case.
Finally, the presence of the dog would present an unacceptable danger to the expectant mother and to the physicians and nurses in attendance, just as the wheelchairs were found to be dangerous to users and runners alike in the New York Roadrunners case (supra). The restrictions against the guide dog’s presence are designed to prevent any dangers which may be caused thereby. The court cannot say that they are unreasonable or without foundation.
The court notes in passing that respondent has offered its assistance to petitioner by supplying a nurse or other employee to aid petitioner at all times during the delivery of the child and hospital confinement of copetitioner. Thus, his rights to be present during the childbirth, and thereafter, are not being denied.
Accordingly, the petition is denied in all respects. The cross motion for an injunction prohibiting petitioner Frank Ferino from being in the labor room, delivery room, or the maternity *24 ward of respondent hospital while accompanied by his guide dog is granted. The other aspects of the cross motion seeking an examination of the guide dog and depositions of petitioners is denied.